# EVAN YETTER v. JOHN GOOLSBY.

(144 N. W. 1075.)

**Contracts — meeting of minds — statute of frauds.**

> Evidence examined, and *held*, that no contract has been shown between plaintiff and defendant, the minds of the parties not having met. It is therefore immaterial whether or not the contract was barred by the statute of frauds.

Opinion filed December 27, 1913.

Appeal from the District Court of Richland County, *Allen*, **J.**
Reversed.

*A. L. Parsons* and *Wolfe & Schneller,* for appellant.

It is an essential ingredient in the complete execution of a mortgage that it be acknowledged. Ayres v. Probasco, 14 Kan. 190; Revalk v. Kræmer, 8 Cal. 66, 68 Am. Dec. 304; Barber v. Babel, 36 Cal. 11; Williams v. Starr, 5 Wis. 550; Hait v. Houle, 19 Wis. 472; Sears v. Dixon, 33 Cal. 326; Rogers v. Renshaw, 37 Tex. 625; Dye v. Mann, 10 Mich. 291; Amphlett v. Hibbard, 29 Mich. 298; Alley v. Bay, 9 Iowa, 509; Larson v. Reynolds, 13 Iowa, 579, 81 Am. Dec. 444; Kennedy v. Stacey, 1 Baxt. 220.

*Purcell & Diver,* for respondent.

The action is one for damages for deceit, as well as on the promise to pay the debt of another. Rev. Codes 1905, § 5316.

A party to an action, having pleaded certain facts, cannot complain because such facts were not proved by his adversary. Satham v. Muffle, 23 N. D. 63, 135 N. W. 797.

BURKE, J. The facts of this case are substantially as follows: One Warren Goolsby was indebted to plaintiff for wages as a laborer in a sum exceeding $500, which sum he was unable to pay, but promised to secure plaintiff by mortgage upon his home in the sum of $500 to be signed by himself and wife. In accordance with this agreement he caused his wife to sign the note and mortgage, and after signing the same himself, delivered the same to an attorney in the presence of the plaintiff. This mortgage was never acknowledged by Mrs. Goolsby,

but the attorney, who was also a notary public, was instructed to interview her and secure such acknowledgment. This, for reasons hereinafter stated, he never did. Plaintiff instructed the attorney to complete and record such mortgage, and left the office. A few hours later he met the defendant, who is a brother to Warren Goolsby, upon the street, and told him that he had a mortgage upon Warren's home and offered to sell the same to him. This conversation is given by plaintiff as follows: "Shortly after I left the note and mortgage with Irvine, I saw John Goolsby down at Movius's store and I had a talk with him about this note and mortgage. I asked him about whether he didn't want to take these papers against Warren, and he said that he would see; that he would telephone down and get an abstract or find out how the record was, and if everything was all right he would take the papers and pay me the money and take the papers himself. . . . Afterwards, he said, 'You better go down to Irvine (the lawyer), and if the papers ain't sent out yet not have them sent.' He says when an abstract comes back we will make them out new. He told me to go down to Irvine and tell him not to send this paper in. . . . The next day . . . . he told me, then, he says, 'I will take it and handle it myself.' " In accordance with this request, plaintiff told his attorney not to record the papers, and said attorney did nothing further in the matter. Shortly thereafter this defendant obtained from Warren Goolsby and wife a deed, which is in effect a mortgage, to secure an indebtedness due to himself in the sum of some $1,600. The plaintiff has never been paid the $500 due to him, nor has he been able to obtain a mortgage upon Warren Goolsby's home to secure the same, and the makers of the note are insolvent. This action was brought upon the alleged promise of the defendant, John Goolsby, to pay to plaintiff said sum of $500. After a trial to a jury, in which the evidence disclosed the facts aforesaid, the defendant moved for a directed verdict in his favor upon the grounds "that the evidence was insufficient to make out any cause of action in favor of the plaintiff, and against the defendant. . . . That this action is brought and based upon an oral promise alleged to have been made by the defendant, John Goolsby, to the plaintiff herein, . . . which promise was void under the statute of frauds in this state, unless at the time the same was made the plaintiff delivered to the defendant . . . property, . . . or the

plaintiff herein parted with value to the defendant, . . . or entered into an obligation in consideration of the . . . promise, . . . or under circumstances as to render the defendant the principal debtor. . . ." This motion was much fuller than we have given it, but is abbreviated to save space. For the reasons hereinafter given we think this motion should have been granted.

(1) The plaintiff maintains that a promise was made by John Goolsby, the defendant, to pay to plaintiff the sum of $500, and that this promise is an independent contract upon his part, and not a promise to pay the debt of another, thus escaping the bar of the statute of frauds. Conceding, for the purposes of this opinion, that this is correct, it nevertheless remains to be proven that such contract in fact existed. In other words, there must have been a meeting of the minds, a sufficient consideration, and all other elements of a legal contract between the plaintiff and defendant, before recovery can be had in this action. This case differs from most of the authorities given upon the statute of frauds in the dispute here as to the existence of any promise whatever. Had John Goolsby made an unconditional promise to pay plaintiff $500 in consideration of plaintiff's refraining from completing and recording his mortgage, an altogether different state of facts would obtain. Referring to the evidence of plaintiff himself, we find that Goolsby promised to "see, that he would telephone down and get an abstract, or find out how the record was, and, if everything was all right, he would take the papers and pay him for them." Plaintiff did not prove at the trial that everything was all right, on the contrary it appears that there were back taxes due upon the property. In a subsequent conversation, plaintiff claims that defendant agreed "to take the deal on himself, and sell some wheat and get some money." This, however, was before he had investigated the title, and should be taken in connection with the former proposition. Still further than this, plaintiff represented that he had a mortgage upon Warren's house and lot, when (because not acknowledged by his wife), as a matter of fact, he had nothing of the kind. This alone would be enough to negative any possibility of a contract between the plaintiff and defendant. The premises belonged to Mrs. Goolsby and were occupied by the family as a homestead. Mrs. Goolsby testified that, had she known and understood the nature of the papers, she would not have signed

them, and that she had always intended to maintain this homestead unencumbered. It thus follows that the minds of plaintiff and defendant never met in any contract, and recovery upon the theory of a contract cannot be had. This action is not in tort for deceit. The trial court is directed to vacate its judgment and enter an order dismissing the action.